EDWARD TEVOGHT v. AUGUST E. POLSON AND OTHERS.[1]

May 5, 1939.

No. 31,965.

*Erling Swenson,* for appellant.

*F. A. Barlow,* for respondent August E. Polson.

*Freeman & King,* for respondents National Fuel Company, International Fuel Company, and National Fuel Company doing business as International Fuel Company.

LORING, JUSTICE.

In a suit for damages for personal injuries the defendants had

[1]Reported in 285 N. W. 893.

judgment on the pleadings and stipulated facts. The plaintiff appealed. He was an employe of the city of Minneapolis at its incinerator and was injured at the plant by the operation of a truck which was delivering coal sold to the city by the defendant International Fuel Company, which had employed August Polson to deliver it. All the employers and employes were within the protection of part 2 of the workmen's compensation act. After his injury Tevoght applied for and received compensation from the city. He then brought this suit in the district court to recover damages for his injuries alleging that they were caused by the negligence of Polson's driver. The court held that the plaintiff was barred from recovery by the provisions of 1 Mason Minn. St. 1927, § 4291, which was originally L. 1913, c. 467, § 33, superseded by L. 1921, c. 82, § 31, and amended by L. 1923, c. 279, § 1. This section as it originally appeared in the act provided that when an employe was injured by someone other than his employer he might proceed at law either against such party or against his employer for compensation under the act, but not against both. Obviously this section assumed to take from an employe who was subject to part 2 of this act his common-law remedy against an employer other than his own who was also subject to that part of the act. This was the section most vigorously assailed as unconstitutional when the act was first attacked. Mathison v. Minneapolis St. Ry. Co. 126 Minn. 286, 296, 148 N. W. 71, L. R. A. 1916D, 412. This court sustained the provisions of the section and held that a third party who was an employer and as such subject to part 2 of the statute was within the protection of this section where the injury resulted from a negligent act committed in carrying on the business in which he employed such laborer or in the furtherance of such business, but was not within the protection of this section where the negligent act had no relation to or connection with such business. Uotila v. Oliver I. Min. Co. 165 Minn. 475, 477, 206 N. W. 937, and cases cited therein. In 1923 the legislature by L. 1923, c. 279, amended L. 1921, c. 82, § 31, which is now 1 Mason Minn. St. 1927, § 4291, by providing that the portion of the section which we have referred to—

"shall apply only where the employer liable for compensation under part 2 of this act, and the other party or parties legally liable for damages were engaged in the due course of business, (a) in furtherance of a common enterprise, or (b) the accomplishment of the same or related purposes in operation on the premises where the injury was received at the time thereof, and not otherwise."

Thus the employe, prior to 1913, had a common-law action which § 33 of the compensation act took from him and which the quoted amendment restored in part. No other state has such a provision as that incorporated in this amendment, and it was left to this court to interpret its provisions, which especially in the case of subd. (b) are rather vague and uncertain. The legislative history of c. 279 throws no light whatever upon the purposes of the legislature or the extent to which it sought to restore to the employe his common-law right of action. It may be that it intended that his common-law right of action should only be eliminated in situations like those where contractors and subcontractors are engaged on the same project and their employes exposed to the hazards created by such mutual engagements. But our decisions have gone much further than that in depriving the employe of his common-law right of action, and there have been numerous sessions of the legislature since those decisions and no amendment of the law as so interpreted has been made. It would serve no useful purpose here to review all of the cases where this provision of the statute has been under consideration. Most, if not all, of them were cited in Smith v. Kedney Warehouse Co. Inc. 197 Minn. 558, 267 N. W. 478, 269 N. W. 633. Perhaps the case of Rasmussen v. George Benz & Sons, 168 Minn. 319, 325, 210 N. W. 75, 77, 212 N. W. 20, has gone furthest in eliminating an employe's common-law right of action. In that case the plaintiff was an employe of an ice company engaged in delivering ice to the St. Francis Hotel and was injured by the negligence of one of the hotel's employes while the plaintiff was using a stairway on his return from delivering ice to the basement. It was there held that the two employers were engaged in related purposes on the premises and that the plaintiff was limited to recovery

under the act. The case was carefully considered and has since been much quoted; but in the subsequent case of Anderson v. Interstate Power Co. 195 Minn. 528, 532, 533, 263 N. W. 612, this court held squarely that the mere supplying of a product by one employer to another did not bring the employers within either clause (a) or clause (b) of the amendment, that is, the vending and delivery of supplies upon the premises of one of the employers does not amount to either a furtherance of a common enterprise or to the accomplishment of the same or related purposes. We must therefore hold that the rule announced in the Rasmussen case is modified to the extent that it does not apply in a situation such as that now before us where one employer is merely engaged in delivering a commodity to another employer. It is true that in the Anderson case the Rasmussen case is cited and distinguished and that there were other grounds upon which the case might have turned. Nevertheless the holding is squarely on the point and we think was a proper interpretation of the statute. We do not think the case before us is a proper one for the application of the doctrine of coöperative instrumentalities.

Judgment reversed.

HOLT, JUSTICE (dissenting).

I dissent. In my opinion the situation is nearly the same as in Seidel v. Nicollet Ave. Properties Corp. 202 Minn. 569, 279 N. W. 570. All were under the compensation act, and the two employers here concerned were upon the premises where each must perform his work in the presence of the other, the same as subcontractors in the erection of a building.

JULIUS J. OLSON (dissenting).

I concur in the views of Mr. Justice Holt.

MR. JUSTICE HILTON, incapacitated by illness, took no part.