JOHN W. JOHNSON v. CITY OF DULUTH.[1]

December 10, 1943.

No. 33,604.

*Harry E. Weinberg* and *Roland J. Henning,* for appellant.
*W. O. Bissonett,* for respondent.

Julius J. Olson, Justice.

Action to recover for personal injuries suffered by plaintiff in a collision between a snowplow operated by the city of Duluth in its municipal capacity and a sanding truck, upon which plaintiff was riding while operating the same for his employer, the Duluth-Superior Transit Company, in the furtherance of its activities as a common carrier of passengers. That there was a collision between the two vehicles is not questioned, nor is there any issue raised as to the sufficiency of the complaint to state a cause of action. Defendant's answer pleaded the general issue by denial of negligence on its part; also that plaintiff's injuries "were the direct and proximate result" of his own negligence, "or of others over whom this defendant had no control and for whose actions it is not legally responsible"; and, further, that the "risks and hazards" of his employment were "open and obvious" in such circumstances as those described in the complaint.

As a separate defense, defendant alleged that the transit company and the city were both "under and subject to the provisions" of

Minn. St. 1941, § 176.06, subd. 1 (Mason St. 1940 Supp. § 4272-5[1]), at the time of the accident and engaged in the "furtherance of a common enterprise or the accomplishment of [the] same or related purposes"; that plaintiff had elected to receive the compensation stipulated under that act; and hence "that plaintiff is barred and precluded from proceeding at law to recover damages" from defendant. To this defense plaintiff interposed a general demurrer, which was sustained, and defendant appeals.

The issue presented is a narrow one. In a helpful memorandum the trial court, after reviewing our cases, concluded that the defense tendered offered no exoneration to the pleader. Its views may be thus summarized:

"* * * The city, in the operation of the snowplow, was discharging its duty of keeping its streets in reasonably safe condition for travel, which duty it owed to the general public. The transit company, in sanding the places where patrons would board or alight from its buses, was furthering its business of transporting passengers, and, in connection therewith, taking precautions for the safety of those passengers." And, in the circumstances here shown, "there was no community of interest between the city and the [transit] company, nor was there any joint operation or control. That the two vehicles were being used at about the same place and that the employes of the two parties were in proximity to one another, was merely a fortuitous circumstance, as was the presence of the employes of the employer and third party in the case of ·Anderson v. Interstate Power Co. 195 Minn. 528," 263 N. W. 612. That case, in the court's opinion, "is the most nearly analogous" to the present case, and "it supports plaintiff's position." * * * "Whatever the transit company was doing was in furtherance of its own business only and had no connection with the city's operations."

We can find no reason for disagreeing with the court, nor do we believe anything further need be said. In addition to the Anderson case, the court also cited, among others, the following: Tevoght v. Polson, 205 Minn. 252, 285 N. W. 893; Gentle v. Northern States

Power Co. 213 Minn. 231, 6 N. W. (2d) 361; Gleason v. Geary, 214 Minn. 499, 8 N. W. (2d) 808.

Order affirmed.

MR. JUSTICE LORING, absent because of accidental injuries, took no part in the consideration or decision of this case.

MR. JUSTICE MAGNEY took no part in the consideration or decision of this case.

