# LLOYD URBANSKI v. MERCHANTS MOTOR FREIGHT, INC., AND ANOTHER.[1]

March 27, 1953.

No. 35,887.

[1]Reported in 57 N. W. (2d) 686.

*Bauers & Carlson*, for appellants.

*Vincent P. Courtney*, for respondent.

CHRISTIANSON, JUSTICE.

This is an appeal by defendants from two orders of the trial court in a personal injury action. The first order, dated June 10, 1952, denied defendants' motion for judgment notwithstanding the verdict for plaintiff or for a new trial, and the second denied defendants' motion for amended findings of fact and conclusions of law or for a new trial.[2]

At the time of the injury plaintiff, Lloyd Urbanski, was an employee of Seeger Refrigerator Company and defendant Leonard R. Mozey was an employee of defendant Merchants Motor Freight, Inc. All were subject to the Minnesota workmen's compensation act, M. S. A. c. 176, and both employers were insured pursuant to that act. Plaintiff was employed as a group leader in charge of four men with whom he loaded and unloaded trucks at Seeger's loading dock. He was injured when his feet were caught between the floor of the loading dock and the body of a truck owned by defendant Merchants and operated by defendant Mozey. Plaintiff has recovered workmen's compensation payments from his employer's insurer.

---

[2]No appeal lies from that part of the order denying the motion for amended findings. Physicians & Hospitals Supply Co. v. Johnson, 231 Minn. 548, 44 N. W. (2d) 224; Cashen v. Owens, 225 Minn. 25, 29 N. W. (2d) 440.

Trucks making deliveries to the Seeger plant in St. Paul back up to the east end of the loading dock, which is 15 feet wide and has room for two trucks. The approach to the dock inclines 10 to 15 degrees downward toward the dock and had become rough from depressions left by the tires of trucks which had been backed up to the dock.

On June 22, 1950, Mozey was driving a tractor and semi-trailer loaded with refrigerator shelves to be delivered to Seeger. When Mozey arrived at the Seeger plant two other units were already backed up to the end of the dock. He waited until the truck on the right was moved out and then backed his unit into the southeast corner of the dock until his trailer came up against a post on that corner. Plaintiff and his unloading crew, together with Mozey, began to unload the trailer. After Mozey's unit had been in this position for about a half hour, the other trailer was removed and plaintiff told Mozey to move his truck into the spot abandoned by the other trailer so that the post would not interfere with the unloading. Mozey drove his truck forward toward the east about 150 feet, from which point he could see the entire dock. A Seeger employee was standing at the northeast corner of the dock directing Mozey's backing operation verbally and by hand signals and the other Seeger employees were on the south edge of the dock. No one was standing on the dock at the place where Mozey was to back in. As he backed slowly into the dock Mozey was unable to see directly behind his trailer because the trailer, which was 8 feet wide and 32 feet long, restricted his view. When the trailer reached the dock, the back end of the trailer extended over the edge of the dock, but from his position in the cab, some 30 feet from the platform, Mozey was unable to judge how far. The man on the dock who was directing Mozey told him to stop. Mozey stopped and, thinking his trailer was up against the dock, shut off his engine, set the hand brake of his tractor, and released the hand lever controlling the air brakes of his trailer. If he had not released the air brakes, the trailer would have remained where he stopped, but when they were thus quickly released, the trailer rolled back a foot and one-half until

its tires came up against the dock. While the truck had been momentarily stopped, plaintiff moved to a position directly behind it to unload. From his position in the cab of the tractor Mozey could not see plaintiff step forward and did not know he was behind the truck. As the trailer rolled back the end of it came over and down upon plaintiff's feet. Someone immediately called to Mozey and he started his engine and pulled forward, releasing plaintiff's feet. After plaintiff had been removed on a stretcher, the rest of his crew and Mozey finished unloading the truck.

At the close of the evidence the trial court, pursuant to plaintiff's motion, determined as a matter of law that defendants failed to use due care in the operation of the tractor-trailer unit, that this negligence was the proximate cause of plaintiff's injuries, and that there was no evidence from which the jury could find that plaintiff was guilty of contributory negligence. The court so instructed the jury and submitted only the issue of plaintiff's damages. The jury awarded plaintiff damages in the sum of $4,550.

The trial court then made findings on the issue whether plaintiff's negligence action was barred by § 176.06, subd. 1, which provides in part:

"Where an injury or death for which compensation is payable under circumstances also creating a legal liability for damages on the part of any party other than the employer, such party being at the time of such injury or death insured or self-insured in accordance with section 176.03, the employee in case of injury, or his dependants in case of death, may, at his or their option, proceed either at law against such party to recover damages or against the employer for compensation, but not against both.

\* \* \* \* \*

"The provisions of subdivision 1 of this section shall apply only where the employer liable for compensation and the other party or parties legally liable for damages were both either insured or self-insured and were engaged in the due course of business, (a) in furtherance of a common enterprise, or (b) the accomplishment of

the same or related purposes in operation on the premises where the injury was received at the time thereof, and not otherwise."

The court found that it was the duty of plaintiff and the other Seeger employees under him to load and unload trucks making deliveries to Seeger's dock; that, while Merchants' truck was backed into the southeast corner of the dock, plaintiff and the other Seeger employees under him, together with Mozey, unloaded part of the merchandise from the truck; that the truck was moved to facilitate the unloading operation; that, at the time of the injury, Mozey was engaged in delivering commodities to Seeger and plaintiff was preparing to unload the truck; that the operation of the truck at the time and place of the delivery was Mozey's responsibility and the unloading of the truck was plaintiff's responsibility; and that at the time of the injury plaintiff and Mozey were not exposed to mutual hazards or common risks. Upon these findings the trial court concluded that at the time and place of plaintiff's injury neither Seeger and Merchants, as employers, nor plaintiff and Mozey, as employees, were engaged in the due course of business in the furtherance of a common enterprise or the accomplishment of the same or related purposes in operation on the premises where the injuries were received; that plaintiff and Mozey were not exposed to mutual hazards or common risks at the time; and that, therefore, plaintiff's negligence action was not barred.

Defendants requested the trial court to find that it was Mozey's duty as driver of the truck to assist in unloading the truck. The request was denied. However, since the evidence in support of the proposed finding was practically undisputed, we shall assume for purposes of this opinion that it was one of Mozey's duties to help unload the truck.

The questions presented by this appeal are:

(1) Was the trial court justified in finding defendants guilty of negligence as a matter of law?

(2) Was the trial court justified in finding plaintiff free of contributory negligence as a matter of law?

(3) Is plaintiff barred from bringing this action by § 176.06, subd. 1?

■ Defendants contend that they were entitled to a directed verdict on the issue of negligence or, if not entitled to a directed verdict, that the issue should have been submitted to the jury. It is our opinion that under the facts of this case defendants' negligence was a question for the jury. Although the evidence was ample to sustain a finding of negligence by the jury, we cannot say as a matter of law that Mozey was not justified, under the circumstances, in assuming that his trailer was up against the dock and that he therefore was safe in releasing the air brakes on the trailer. Where fair-minded men might reasonably draw different conclusions as to whether defendant was negligent, it is a question for the jury.

■ Defendants also contend that they were entitled to a directed verdict on the issue of contributory negligence or, if plaintiff was not guilty of contributory negligence as a matter of law, that the issue should have been submitted to the jury. Their contention is based upon the argument that plaintiff was not justified in intentionally moving from a position of safety into a position of danger until the movement of the truck was completed. However, there is no evidence from which the jury could find that plaintiff knew, or in the exercise of reasonable care should have known, that the position to which he moved was dangerous or that the truck would roll back farther after its movement had once ended. On the contrary, an employee standing on the dock had directed Mozey to stop, the truck had stopped completely, and the engine was shut off before plaintiff, as a diligent employee and leader of the unloading crew, stepped forward to begin the work which it was his duty to perform. We find nothing in the record to justify a finding that he acted unreasonably in doing so. The trial court properly found as a matter of law that plaintiff was free from contributory negligence.

■ Section 176.06, subd. 1, and this court's interpretation of it have recently been reconsidered at length in Crawford v. Wood-

rich Const. Co. Inc. 239 Minn. 12, 57 N. W. (2d) 648. That opinion makes it clear that, under this subdivision, receipt of workmen's compensation payments by an injured employee bars his action for damages against a third party only where (1) both the injured worker's employer and the third party are insured or self-insured under the act, (2) the employer and the third party were engaged in the due course of business *on the same project,* and (3) their employees were working together in the performance of *such project* in a manner which exposed them to the same or similar hazards on the premises where the injury was received and at the time thereof. It is undisputed in the instant case that both Seeger and Merchants were insured under the act.

4. Rasmussen v. George Benz & Sons, 168 Minn. 319, 210 N. W. 75, 212 N. W. 20, and McGrath v. Northwestern Trust Co. 178 Minn. 47, 225 N. W. 901, two early decisions under this subdivision, held that an owner of a building who maintained an elevator or stairway for the convenience of his tenants and those with whom they did business was engaged in the due course of business in the accomplishment of the same or related purposes with a company whose employee was injured while delivering a commodity to a tenant in the building, but the building owner and the delivering company were not engaged in a common enterprise.[3] The Rasmussen decision stated the general rule that (168 Minn. 324, 210 N. W. 77):

"* * * Business is related when the parties are mutually or reciprocally interested in a commercial way, or where the business of one has a necessary relation toward or in conjunction with the other."

The Rasmussen case was expressly limited and the McGrath case was impliedly limited by Tevoght v. Polson, 205 Minn. 252, 285

---

[3]A later decision held, under similar facts, that the building owner and the delivering company were not engaged in either a common enterprise or the accomplishment of the same or related purposes where the deliveries were made to the tenant's employees rather than to the tenant. Horgen v. Franklin Co-op. Creamery Assn. 195 Minn. 159, 262 N. W. 149.

N. W. 893,[4] one of a line of cases which established that one who merely supplies or delivers a product to an employer is not engaged with him either in a common enterprise or in the accomplishment of the same or related purposes.[5] In the Tevoght case the court stated (205 Minn. 255, 285 N. W. 894) :

"* * * We must therefore hold that the rule announced in the Rasmussen case is modified to the extent that it does not apply in a situation such as that now before us where one employer is merely engaged in delivering a commodity to another employer."

The rule of the Rasmussen and McGrath cases has thus been substantially modified.

It is doubtful whether the rule retains any force whatever in view of our recent decision in Crawford v. Woodrich Const. Co. Inc. *supra,* which expressly overrules all prior cases insofar as they give independent significance to the phrase "the accomplishment of the same or related purposes," which phrase was the sole basis for the Rasmussen and McGrath decisions. The Crawford case held that the phrases "common enterprise" and "accomplishment of the same or related purposes" have been merged in the term "same project," in recognition of the apparent legislative intent behind § 176.06, subd. 1.

Our question then is whether in the instant case Merchants and Seeger were engaged "in the due course of business *on the same project.*" The adoption of this terminology does nothing to detract from the so-called "delivery rule." One who merely supplies or delivers a product to an employer is not engaged on the same project with him. Does the fact that there was something more than *mere* delivery involved here, namely, the joint unloading of the truck by Merchants' employee Mozey and Seeger's employees, cause Merchants

---

[4]See, also, Gleason v. Geary, 214 Minn. 499, 503, 8 N. W. (2d) 808, 810.

[5]Anderson v. Interstate Power Co. 195 Minn. 528, 263 N. W. 612; Tevoght v. Polson, 205 Minn. 252, 285 N. W. 893; Gentle v. Northern States Power Co. 213 Minn. 231, 6 N. W. (2d) 361; Swanson v. J. L. Shiely Co. 234 Minn. 548, 48 N. W. (2d) 848; see, Smith v. Ostrov, 208 Minn. 77, 292 N. W. 745.

and Seeger to be engaged on the same project? In our opinion, it does not. Seeger was engaged in the business of manufacturing refrigerators, and Merchants was engaged in the business of delivering merchandise as a common carrier. The mere coincidence of certain minor activities incidental to Seeger's business with certain activities of Merchants is not sufficient to constitute a project in which both are engaged.

While it might be argued that Merchants and Seeger were engaged in the project of unloading the truck, we think that a more substantial relation must exist between the employer and the third party to bring them within this subdivision. Not every contact between an employer and a third party in the course of conducting their separate businesses constitutes engagement by them on the same project. The endless variety of possible fact situations that may arise prevents us from attempting an all-inclusive definition of the term "project." It is sufficient for the purposes of this decision to state that one who delivers merchandise to a manufacturer is not engaged with the manufacturer on the same project even though they join, through their employees, in unloading the merchandise from the delivery truck.

In view of our conclusion that Merchants and Seeger were not engaged on the same project, it is unnecessary to consider whether, under the circumstances of this case, their employees were working together in a manner which exposed them to the same or similar hazards on the premises where the injury was received and at the time thereof.

It follows that the order of the trial court denying defendants' motion for a new trial on the issue of whether plaintiff's action was barred by § 176.06, subd. 1, should be affirmed, but the order of the trial court dated June 10, 1952, insofar as it denied a new trial of the other issues presented, should be reversed with instructions to the trial court to grant a new trial on those issues only. It is so ordered.

Affirmed in part.

Reversed in part.