Denton PETERSON, et al., Respondents,

Shelby Mutual Insurance Company, Respondent,

v.

C. W. KLUDT, Special Administrator of the Estate of Joseph Lyczewski, deceased, Respondent,

Burlington Northern Railroad, Respondent,

Western National Mutual Insurance Company, Respondent,

General Casualty Company of Wisconsin, Appellant (81–256)–Respondent (81–247),

State Farm Mutual Insurance Company, Appellant (81–247)–Respondent (81–256).

BURLINGTON NORTHERN, INC., third-party plaintiff, Respondent,

v.

CITY OF MENTOR, third-party defendant, Respondent.

Nos. 81–247, 81–256.

Supreme Court of Minnesota.

March 19, 1982.

Rehearing and Rehearing En Banc Denied May 7, 1982.

Brink, Sobolik, Severson & Vroom, Robert K. Severson and Roger C. Malm, Hallock, for Peterson, et al.

Rufer, Hefte, Pemberton, Schulze, Sorlie, Sefkow & Kershner, and Richard L. Pemberton, Fergus Falls, for Shelby Mut. Ins. Co.

C. W. Kludt, pro se.

Thomas W. Spence, St. Paul, for Burlington Northern Railroad.

Joyce & McHaffie and Richard T. McHaffie, St. Paul, for Western National Mut. Ins. Co.

O'Grady & Morley and Patrick R. Morley, Grand Forks, N. D., for General Casualty Company of Wisconsin.

Cahill, Gunhus, Grinnell, Jeffries, Klinger Vinje & Swenson, Moorhead, for State Farm Mut. Ins. Co.

Thysell, Gjevre, McLarnan, Hannaher, Vaa & Skatvold and Alden H. Gjevre, Moorhead, for City of Mentor.

YETKA, Justice.

This is an appeal of summary judgment motions granted and denied in a declaratory judgment action. The underlying action, now in abeyance pending this appeal, is a personal injury suit by one co-employee against the estate of another co-employee and others. This declaratory judgment action was brought to establish the extent of coverages afforded by various insurance companies with regard to the underlying negligence action. The case was tried in Polk County District Court and involves solely statutory and insurance policy constructions.

Various motions for summary judgment were filed by the parties. For simplicity, we have summarized the rulings of the district court.

1. Western National Mutual Insurance Company (Western National) and General Casualty Insurance Company (General Casualty) have no duty to defend nor to pay any judgment against the estate of Joseph Lyczewski, the deceased co-employee.

2. Shelby Mutual Insurance Company (Shelby Mutual) may not recover from Western National the amount of workers' compensation benefits paid to Peterson by Shelby Mutual.

3. Shelby Mutual has a right of subrogation against General Casualty for the workers' compensation benefits paid to Peterson by Shelby Mutual.

4. Denton and LaDonna Peterson may recover from State Farm Mutual Insurance Company (State Farm) under the uninsured motorist coverage portion of their policy with State Farm.

We affirm the rulings of the trial court with two exceptions: (1) the trial court is reversed on its finding that Shelby Mutual has a right of subrogation against General Casualty; and (2) the trial court is reversed on its finding that the State Farm insurance policy lends uninsured motorist coverage to the Petersons.

For the purpose of this declaratory judgment action, the facts of the underlying personal injury action are not disputed. On November 23, 1977, Joseph Lyczewski and Denton Peterson, co-employees of Crookston Coca-Cola Bottling Company, were acting within the course and scope of their employment. Salesperson Lyczewski was driving the company-owned delivery truck provided him for business use; Peterson was his passenger. The vehicle collided with a Burlington Northern Railroad train within the city limits of Mentor, Minnesota. Lyczewski was killed and Peterson, the passenger, seriously injured.

Peterson applied for and received workers' compensation benefits from the workers' compensation insurance carrier for Crookston Coca-Cola, Shelby Mutual. As of January 1, 1980, these payments totaled $48,004.21. Peterson, his wife LaDonna, and Shelby Mutual commenced an action against Burlington Northern Railroad and the estate of Lyczewski seeking damages and reimbursement of workers' compensation benefits paid by Shelby Mutual to Peterson. Defendant insurers and third-party defendant City of Mentor were later joined in the suit.

Defendants Western National, General Casualty, and State Farm asserted that the policies they had issued did not provide coverage for the claims made by the plaintiffs. Plaintiffs asserted that Western National (insurer of the employer's truck) should bear the primary risk, General Casualty (insurer of Lyczewski's personal auto) any excess liability, and State Farm (insurer providing Peterson's uninsured motorist coverage) the liability only if recovery were not allowed against Western National and General Casualty. Plaintiffs also claim that Shelby Mutual has neither subrogation rights against Peterson if Peterson collects uninsured motorist benefits from State Farm nor against LaDonna Peterson if she settles with the Lyczewski estate for her claims of loss of consortium, loss of support, and loss of services.

The issues raised on this appeal are: (1) does the Western National policy, insuring the employer's truck in this case, provide liability coverage to plaintiffs and require Western National to defend Crookston Coca-Cola Bottling Company and the estate of Lyczewski; (2) does the General Casualty policy, insuring the personal vehicle of Lyczewski, provide plaintiffs with liability coverage beyond that of Western National and require General Casualty to defend the estate of Lyczewski; and (3) does the State Farm policy, providing Peterson with uninsured motorist coverage, provide plaintiffs with coverage under the facts of this case in the event that the Western National and General Casualty policies do not provide coverage.

The district court's order was directed only towards the potential liability coverages and uninsured motorist coverages afforded the Petersons and, by subrogation, Shelby Mutual. It did not address other coverages such as personal income protection. Also, Mrs. Peterson's claims for loss of support, loss of consortium, and loss of services were held to be only derivative of her husband's claims, a holding not disputed by the parties.

At the time of the truck-train collision, Western National had in force a policy of general automobile liability insurance on the truck, Crookston Coca-Cola Bottling Company being the named insured. The policy provided bodily injury coverage, property damage coverage, and mandatory no-fault coverage. The policy also contained a "cross-employee" exclusion.[1] On

---

1. The "cross-employee" exclusion read:

    II. PERSONS INSURED

    \* \* \* \* \* \*

    None of the following is an insured:

    (i) any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person injured in the course of his employment.

the basis of the "cross-employee" exclusion and plaintiff Peterson's "election of remedies" under the workers' compensation statutes, the district court held that Western National had neither liability coverage with respect to plaintiffs nor a duty to defend Crookston Coca-Cola and the estate of Lyczewski.

As to Peterson's "election of remedies," the arguments of the parties focus on Minn. Stat. § 176.061 (1980) ("Third Party Liability"), which provides in part:

> Subdivision 1. *Election of remedies.* Where an injury or death for which compensation is payable occurs under circumstances which create a legal liability for damages on the part of a party other than the employer and at the time of such injury or death that party was insured or self-insured in accordance with this chapter, the employee, in case of injury, or his dependents, in case of death, may proceed either at law against that party to recover damages or against the employer for compensation, but not against both.
>
> \*   \*   \*   \*   \*   \*
>
> Subd. 4. *Application of subdivisions 1, 2, 3.* The provisions of subdivisions 1, 2, and 3 apply only where the employer liable for compensation and the other party legally liable for damages are insured or self-insured and engaged in the due course of business, (a) in furtherance of a common enterprise, or (b) the accomplishment of the same or related purposes in operation on the premises where the injury was received at the time thereof.

This general elections scheme, requiring under certain circumstances that the injured worker seek only one means of compensation, has been in force in Minnesota since 1913. Act of Apr. 24, 1913, ch. 467, § 33, 1913 Minn.Laws 675, 691. *See McCourtie v. United States Steel Corp.,* 253 Minn. 501, 504–06, 93 N.W.2d 552, 555–56 (1958); *Tevoght v. Polson,* 205 Minn. 252, 253–54, 285 N.W. 893, 894 (1939). Since that time most cases have focused on the factual issue of whether a "common enterprise" existed so as to allow the "election of remedies" defense. This court has held that the defense is applicable only when three requisites are met:

> (1) the employers must be engaged in the same project; (2) the employees must be working together (common activity); and
>
> (3) in such fashion that they are subject to the same or similar hazards.

*Newland v. Overland Express, Inc.,* 295 N.W.2d 615, 620 (Minn.1980) (footnote omitted) (citing *McCourtie v. United States Steel Corp.,* 253 Minn. 501, 506, 93 N.W.2d 552, 556 (1958)). For the purpose of this appeal, the importance of this statutory interpretation is that it "emphasizes the *common activities of the employees* as opposed to the *common activities of the employers* \* \* \*." *McCourtie v. United States Steel Corp.,* 253 Minn. 501, 506, 93 N.W.2d 552, 556 (1958) (emphasis in original).

Plaintiffs argue that there was no "common enterprise" between co-employees Peterson and Lyczewski because the statute only allows the defense when the employees of two *employers* are engaged in the same project. Plaintiffs, in effect, argue that, because all past cases have involved two employers and because defendant Lyczewski was an employee not *personally* insured under the workman's compensation statutes, but only insured through his employer, Crookston Coca-Cola Bottling Company, there is no "election of remedies" bar to Peterson's claims. Plaintiffs cite, in support of their position, *Chenette v. Trustees of Iowa College, Grinnell, Iowa,* 431 F.2d 49, 53–54 (8th Cir. 1970) and *Schindele v. Ulrich,* 268 N.W.2d 547, 552 (Minn.1978). These cases stand only for the general proposition that the defense is available only to a "party other than the employer" who is also "insured or self-insured in accordance with this chapter." *See* Minn.Stat. § 176.061, subd. 1 (1980). The district court judge correctly concluded that the protection of the statute included not only employers insured under the worker's compensation statute, but their employees as well.

We think the trial court was correct in applying the statute to bar recovery by the Petersons against both liability insurance carriers. We do not deem it material whether the statute intended, when passed, to cover this situation or not. One of the trade-offs in passing the Workers' Compensation Act was that one employee would not be eligible to sue another in a situation such as is presented here. To allow an employee to sue his fellow worker for negligence and thus permit his employer to be reimbursed from the recovery for workers' compensation benefits already paid is "to shift tort liability from employer to fellow employee in a manner never intended by the workers' compensation system." Minnesota Workers' Compensation Study Commission, *A Report to the Minnesota Legislature and Governor*, 41 (1979).[2] Since this action was commenced, Minn. Stat. § 176.061, subd. 5 (1978) has been amended to make it specifically clear such an action could not be brought. Act of June 7, 1979, ch. 3, § 31, 1979 Minn.Laws Ex.Sess. 1256, 1272. Truly, the only third parties against whom Peterson would have a cause of action would not be Lyczewski, his co-employee, but rather the railroad and the city, which in fact he has joined. The trial court was thus correct in finding that no cause of action lies with the Petersons against Lyczewski.

Since subrogation rights are conditioned, with certain exceptions as set forth in *Travelers Insurance Co. v. Springer*, 289 N.W.2d 131 (Minn.1979), on the right of the employee Peterson to sue and collect against Lyczewski and since Peterson has no cause of action against Lyczewski, Shelby Mutual has no right to sue or seek reimbursement from any of the liability carriers here, whether Western National, General Casualty, or State Farm. *Metropolitan Transit Commission v. Bachman's*, 311 N.W.2d 852, 854 (Minn.1981).

The second basis on which the district court held for Western National, and granted summary judgment against the plaintiffs, the Petersons and Shelby Mutual, was the "cross-employee" exclusion in the Western National policy insuring the delivery truck. The exclusion reads:

II.  PERSONS INSURED

\*     \*     \*     \*     \*     \*

None of the following is an insured: (i) any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person injured in the course of his employment.

Since the exclusion clearly applies to Peterson, the issue before this court is whether the exclusion violates the No-Fault Insurance Act.

Since workers' compensation has been, and continues to be, primary coverage, we affirm the trial court in its decision that the exclusion applies and is valid. Moreover, we find the same logic applicable in the case of the General Casualty policy; thus, both Petersons and Shelby Mutual are barred from coverage against General Casualty as well.

At the time of the truck-train collision, State Farm had in force a policy of personal automobile insurance on passenger-plaintiff Peterson. The district court held that State Farm must provide uninsured motorist coverage for Peterson, rejecting the alleged applicability of the "election of remedies" statute as to Peterson in this context and rejecting State Farm's argument that policy exclusions remove the truck from the category of "uninsured vehicle". Shelby Mutual does not seek subrogation against any recovery from State Farm by the Petersons. State Farm only summarily addresses the subrogation issue, arguing that, as an initial matter, the "election of remedies" argument supports a holding of no coverage by State Farm. We reach the issue of State Farm's coverage only after holding that both Western National and General Casualty do not provide coverage to the Petersons.

2.  The Workers' Compensation Study Commission was created in 1977. *See* Act of May 27, 1977, ch. 342, § 27, 1977 Minn.Laws 697, 714.

The district court correctly noted that, under *Janzen v. Land O'Lakes, Inc.,* 278 N.W.2d 67 (Minn.1978), Minn.Stat. § 176.061, subds. 5–6 (1980) allow an injured party to proceed against both the employer's workers' compensation insurer and third parties *if* the underlying obligation sounds in contract (as here) as opposed to tort. On appeal, State Farm concedes this issue, but argues solely that the contract-tort distinction is immaterial here. State Farm contends that because Peterson "elected" workers' compensation coverage and thus can no longer proceed personally against Western National and General Casualty, there is no contractual obligation between Peterson and State Farm for which State Farm is liable.

Case law is not helpful on this issue. Minn.Stat. § 65B.49, subd. 4(1) (1980) indicates, however, that uninsured coverage is required "for the protection of persons insured [under the act] *who are legally entitled* to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of injury," (emphasis added) and thus supports State Farm's position.

Here there was no lack of insurance, but rather the insurance was inapplicable because Peterson elected to make his recovery, as he was required to do, under the Workers' Compensation Act. As a result, Peterson is barred from recovering against his own insurance company, State Farm, on uninsured's motorist insurance.

The trial court is reversed in part, affirmed in part, and the case remanded for entry of judgment consistent with this opinion.