**Virgil BOECKER, Appellant,**

v.

**GREAT WEST CASUALTY COMPANY, Respondent,**

**Page Trucking Company, Inc., Defendant,**

**Ronald John Brinkman, individually and d.b.a. Brinkman Trucking, Appellants,**

**John Doe, Defendant.**

**No. C3–84–1247.**

Court of Appeals of Minnesota.

Jan. 22, 1985.

Review Denied March 29, 1985.

Gislason & Martin, P.A., Robert W. Gislason, Edina, for Boecker.

Cousineau, McGuire, Shaughnessy & Anderson, Henry A. Cousineau, Jr., Barbara A. Burke, Minneapolis, for respondent.

Reidenberg & Jaycox, Lisa E. Doering, Bloomington, for Brinkman.

Heard, considered and decided by NIERENGARTEN, P.J., and FOLEY and CRIPPEN, JJ.

## OPINION

NIERENGARTEN, Judge.

This is a declaratory judgment action to determine whether the insurance policy issued to appellant Ronald Brinkman by respondent Great West Casualty Company affords coverage to appellant Virgil Boecker for injuries sustained in a truck accident on April 14, 1976. The trial court denied coverage basing its decision on the employee exclusions found in the policy. We affirm.

## FACTS

Appellant Virgil Boecker was injured in a one-vehicle accident on April 14, 1976, while he was a passenger in a truck owned and driven by appellant Ronald Brinkman and leased to Page Trucking Co. In a separate declaratory judgment action, the trial court determined that Boecker was an employee of Brinkman at the time of the accident. Brinkman's truck was insured by a policy issued by respondent Great West Casualty Company, providing bodily injury liability coverage to its insured, Brinkman, with limits of liability of $100,000 for each person and $300,000 for each accident. It excluded coverage to employees of Brinkman who, inter alia, are entitled to workers' compensation benefits.

Boecker commenced an action against Brinkman and Page Trucking Co. Page subsequently settled for $100,000. Boecker also sued Great West for no-fault benefits.

In denying coverage, Great West relied on exclusionary language which states:

This coverage does not apply:

\* \* \* \* \* \*

(d) under coverage A, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the insured;

(e) under coverage A, to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

Brinkman never obtained Worker's Compensation coverage for the injuries sustained by Boecker and Boecker never applied for or received Worker's Compensation benefits.

The trial court upheld the employee exclusions contained in the Great West policy thereby defeating coverage for Boecker's injuries. Boecker appealed.

## ISSUE

Did the trial court err by finding the employee exclusions contained in the policy valid, thereby precluding coverage for Boecker's injuries?

## ANALYSIS

Although it is not disputed that exclusions (d) and (e) apply to this case, Boecker asserts the exclusions are void and unenforceable in Minnesota for the following reasons:

(1) The reasons for originally writing these two exclusions into motor vehicle insurance policies no longer exist in Minnesota;

(2) The statutory authority that previously permitted those two exclusions was repealed by the Minnesota Legislature in 1974;

(3) These two exclusions violate the minimum requirements of coverage mandated by Minnesota law, especially M.S.A. § 65B.48, 65B.49, and 65B.50;

(4) They are in open conflict with other policy provisions and thus ambiguous;

(5) They are a needless and unfair cause of injustice; and

(6) They are contrary to current and enlightened considerations of public policy.

The thrust of Boecker's argument is that a motor vehicle liability insurer should not be permitted to avoid coverage for bodily injuries to an otherwise uncompensated accident victim solely on the basis of the exclusions.

Prior to January 1, 1975, exclusions (d) and (e) were specifically authorized by the Safety Responsibility Act, which provided in part:

Such motor vehicle liability policy need not insure * * * any liability on account of bodily injury to or death of an employee of the insured while engaged in the employment, other than domestic, of the insured * * *.

Minn.Stat. § 170.40, subd. 5 (1972) (repealed 1974 Minn.Laws ch. 408, § 33). The Safety Responsibility Act was superseded by the Minnesota No-Fault Act which requires "[e]very owner of a motor vehicle * * * [to] maintain * * * a plan of reparation security * * * insuring against loss resulting from liability imposed by law for injury and property damage sustained *by any person* arising out of the ownership, maintenance, operation or use of the vehicle." Minn.Stat. § 65B.48, subd. 1 (1982) (emphasis added).

Even though section 170.40 was repealed, the No-Fault Act allows insurance companies to include "deductibles, exclusions, disqualifications, and other conditions" in the policies they issue. Minn.Stat. § 65B.44, subd. 1 (1982). It does not require coverage for every possible victim of an automobile accident.

Injuries to employees are covered by Minnesota's workmen's compensation laws. In discussing the relationship of automobile policies and worker's compensation insurance, the supreme court has stated:

[T]he purpose of the [employee] exclusion clauses is to prevent overlapping of the various types of insurance. In other words, automobile liability policies are drawn so as to exclude coverage of injuries coming within an employer's workmen's compensation coverage.

*Motor Vehicle Casualty Co. v. Smith,* 247 Minn. 151, 158, 76 N.W.2d 486, 491 (1956).

In *Utica Mutual Insurance Co. v. Emmco Insurance Co.,* 309 Minn. 21, 243 N.W.2d 134 (1976), the court upheld an employee exclusionary clause in an aircraft liability policy similar to exclusion (d) in the Great West policy. The court stated:

There appears to be a general unanimity among the courts that where either a named insured or an additional insured

seeks coverage for injury to his own employee, the exclusion does apply. * *

No case of this court has allowed coverage under a policy containing an employee exclusion clause where an employee claims against his own employer.

*Id.* at 29–30, 243 N.W.2d at 139.

In *Wojciak v. Northern Package Corp.*, 310 N.W.2d 675 (Minn.1981), the supreme court analyzed an employee exclusion similar to exclusion (e). Wojciak commenced an action against his employer Northern seeking damages for wrongful discharge. Northern tendered defense of the action to National Surety Corp., which had furnished it a workers' compensation and employers' liability policy, and to American Insurance Co., which had issued a general liability policy. Both insurers refused to defend. The supreme court held that American's policy did not require it to defend the Wojciak action because of the employee exclusion's "unambiguous character". *Id.* at 679.

■ Contrary to Boecker's arguments, upholding the validity of the exclusions will not create a class of persons who will be either uncompensated or undercompensated victims of motor vehicle accidents. Although Boecker did not receive worker's compensation benefits, he could have received such benefits from the state's special compensation fund even though Brinkman did not carry worker's compensation insurance. Minn.Stat. § 176.183, subd. 1 (Supp.1983); *see St. Martin v. KLA Enterprises, Inc.*, 269 N.W.2d 59, 60 (Minn.1978). Boecker's failure to file a claim with the special compensation fund cannot control the validity of the two exclusionary provisions.

### DECISION

■ The trial court did not err by finding the employee exclusions contained in the automobile policy valid, thereby precluding coverage for Boecker's injuries.

Affirmed.