Michael C. WILLIAMS, Respondent,

v.

**HOUSTON GENERAL INSURANCE COMPANY, Appellant.**

No. C9–86–866.

Court of Appeals of Minnesota.

Nov. 10, 1986.

Review Denied Jan. 16, 1987.

James M. Sherburne, Robert R. Johnson & Associates, P.A., Minneapolis, for respondent.

James R. Gray, Richard C. Nelson, Gilmore, de Lambert, Aafedt & Forde, P.A., Minneapolis, for appellant.

Heard, considered and decided by NIERENGARTEN, P.J., and WOZNIAK and SEDGWICK, JJ.

## OPINION

NIERENGARTEN, Judge.

This is an appeal from a summary judgment declaring certain automobile insurance policy provisions void because those provisions exclude employees from coverage. The trial court concluded that the provisions were void as a matter of law because Minn.Stat. § 176.061, subd. 5 expressly allows employees to sue co-employees when the co-employees' gross negligence causes injuries to other employees. Appellant Houston General contends that the policy exclusions are not void and that Minn.Stat. § 176.061, subd. 5(c) does not apply because it was enacted after the date of injury and that if the provision does apply, it does not apply to Houston General. We reverse.

## FACTS

Respondent Michael Williams was injured in November 1978 while riding in an automobile which was owned by his employer Equico Lessors, Inc. (Equico) and driven by Williams' co-employee James Burk. The two employees were driving the automobile on their way to lunch. While waiting in a parking lot, Burk accelerated the vehicle as if to play "chicken" with a pedestrian and then applied the brakes quickly. Williams' arm was injured as a result of the car's sudden motions.

Williams brought a workers' compensation claim against his employer. Equico

and its workers' compensation insurer, Houston General Insurance Company (Houston General), paid temporary total disability benefits and medical expenses. Williams' workers' compensation claim was settled in August 1982 when Houston General paid for a fifteen percent permanent partial disability.

Williams subsequently instituted an action against Burk for negligent operation of a motor vehicle. The defense of that action was tendered to Houston General because Houston General also provided Equico's general automobile insurance coverage at the time of the accident and because Burk was operating the vehicle within the course of his employment. Houston General denied coverage to Burk citing two provisions of the auto insurance policy issued to Equico. Section II of the policy stated that certain individuals were not "an insured" including:

> any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person injured in the course of his employment.

Houston General also denied coverage because of an exclusion in the policy which states that the insurance coverage does not apply:

> to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligation of the insured to indemnify another because of damages arising out of such injury; but this exclusion does not apply to any such injury arising out of an in the course of domestic employment by the insured unless benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law * * *.

Williams and Burk subsequently entered into a stipulation under which the co-employees agreed to submit the case to arbitration and that a judgment by arbitration would release Burk from further liability to Williams. In consideration of the mutual agreements, Burk assigned his claims and rights against Houston General to Williams.

The matter between Williams and Burk was heard before an arbitrator who found that Burk had operated the car "in a grossly negligent manner" at the time of the accident and that Williams' injuries from the accident resulted in certain disability and pain. The arbitrator concluded that Williams was entitled to a damage award amounting to $84,000, plus costs and interest.

Williams brought a declaratory judgment action against Houston General seeking an order from the trial court obligating Houston General to defend or indemnify Burk with respect to any claims against Burk arising out of the 1978 accident. Both parties moved for summary judgment.

The trial judge denied Houston General's motion and granted summary judgment in favor of Williams. The court concluded Houston General's policy definitions and exclusions are void because Minn.Stat. § 176.061, subd. 5 allows employees to sue co-employees when they are injured by co-employees' gross negligence. The trial court reasoned that injured employees would have a right without a remedy if they are not allowed to sue grossly negligent co-employees under the statutory provision.

The trial court noted that the purpose of employee exclusions is to prevent multiple recoveries by employees, but stated that workers' compensation carriers have subrogation rights in any amounts recovered against grossly negligent co-employees. The trial court also concluded that this court's decision in *Boecker v. Great West Casualty Co.*, 361 N.W.2d 160 (Minn.Ct. App.1985), *pet. for rev. denied*, (Minn. Mar. 29, 1985), did not necessarily apply because *Boecker* "did not involve the gross negligence of a co-employee which is the key distinguishing factor in this case." Houston General appeals from the trial court's summary judgment.

## ISSUE

Did the trial court err by concluding that Houston General's employee exclusion pro-

visions are void when employee injuries are caused by a co-employee's gross negligence?

## ANALYSIS

■ Initially, we hold that Minn.Stat. § 176.061, subd. 5(c) does not apply to this case. The amendment of the workers' compensation statute allowing employees to sue co-employees for injuries caused by gross negligence or intentional conduct was approved June 7, 1979. *See* 1979 Minn.Laws Ex.Sess. ch. 3, § 31. The amendment contained no specific effective date, therefore the amendment became effective July 1, 1979. *See* Minn.Stat. § 645.-02 (1978) (unless otherwise specified, acts containing appropriation items are effective July 1 following enactment).

The accident which caused Williams' injuries occurred on November 9, 1978. Since Williams' injuries occurred before the statute was amended, the provision allowing actions against co-employees does not apply. *See* Minn.Stat. § 645.21 (1984) ("No law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature"); *Cooper v. Watson*, 290 Minn. 362, 370, 187 N.W.2d 689, 694 (1971) (absent legislative intent, workers' compensation statute amendment applied only to injuries occurring after the effective date of the amendment).

Given the date of Williams' injury, we cannot agree with the trial court that our decision in *Boecker* does not apply in this case. In *Boecker* we held that an employee-passenger injured in an accident during the course of his employment could be denied coverage under the employer's no-fault auto insurance because the employer's no-fault policy coverage expressly excluded employees injured "while engaged in the employment * * * of the insured." *See id.* at 162. This court noted that the No-Fault Act "allows insurance companies to include 'deductibles, exclusions, disqualifications, and other conditions' in the policies they issue," and that the act "does not require coverage for every possible victim

of an automobile accident." *Id.* (citing Minn.Stat. § 65B.44, subd. 1) (1982).

■ Although *Boecker* did not involve gross negligence, we conclude that Houston General's policy exclusions are not void with respect to Williams' injuries. In *Peterson v. Kludt*, 317 N.W.2d 43 (Minn. 1982), the supreme court ruled that an employee injured while riding in a company car operated by a co-employee could not recover from the employer's automobile insurer after the employee applied for and received workers' compensation benefits. The employer's automobile insurance policy contained a "cross-employee" exclusion identical to the exclusion clause in Equico's Houston General policy. The supreme court noted that Peterson had made an "election of remedies" under Minn.Stat. § 176.061 (1980) in choosing to seek workers' compensation benefits. The court stated that "[t]his general elections scheme, requiring under certain circumstances that the injured worker seek only one means of compensation, has been in force in Minnesota since 1913." 317 N.W.2d at 47 (citations omitted).

The court stated "that the protection of the statute included not only employers insured under the worker's compensation statute, but their employees as well." *Id.* Consequently, the court concluded that "the trial court was correct in applying the statute to bar recovery by the Petersons against both liability insurance carriers." *Id.* at 48. According to the court:

One of the trade-offs in passing the Workers' Compensation Act was that one employee would not be eligible to sue another in a situation such as presented here. To allow an employee to sue his fellow worker for negligence and thus permit his employer to be reimbursed from the recovery for workers' compensation benefits already paid is "to shift tort liability from employer to fellow employee in a manner never intended by the workers' compensation system."

*Id.* (citations omitted).

While we note that the legislature subsequently amended the workers' compensa-

tion statute expressly allowing third party actions against co-employees for injuries caused by gross negligence or intentional conduct, we conclude that this case is controlled by the *Peterson* decision. Williams elected to receive workers' compensation benefits and therefore is precluded from seeking recovery from his co-employee who was protected by the workers' compensation statute at the time of the incident. Consequently, Houston General is not liable for Williams' claims against Burk. Since the statutory compensation scheme was the "primary coverage" at the time of the incident, Houston General's policy exclusions are valid. *See Peterson,* 317 N.W.2d at 48.

On appeal from a summary judgment, appellate courts determine only "(1) whether there are any genuine issues of material fact and (2) whether the trial court erred in its application of the law." *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979) (citations omitted).

### DECISION

We conclude that the trial court erred in its application of the law. Williams' injury occurred before the amendment of Minn. Stat. § 176.061, subd. 5(c), therefore the amendment does not apply to this case. Houston General's automobile insurance policy exclusions are not void.

Reversed.