RLI INSURANCE COMPANY,
Respondent,

v.

Richard A. PIKE, as trustee for the
heirs and next of kin of Lowell
Pike, Appellant,

Barbara L. Pluto, as personal represen-
tative of the estate of John L. Pluto
and Aire Austin, Inc., Respondent.

No. CX–96–747.

Court of Appeals of Minnesota.

Dec. 3, 1996.

Review Denied Jan. 29, 1997.

Byron M. Peterson, Foster, Waldeck & Lind, Ltd., Minneapolis, for Respondent RLI Insurance Company.

Steven T. Rizzi, Jr., Craig M. Byram, Austin, for Appellant.

Terence L. Meany, Leighton, Meany, Cotter & Enger, Ltd., Austin, for Respondent Pluto.

Charles T. Hvass, Jr., Hvass, Weisman & King, Chartered, Minneapolis, for amicus curiae Minnesota Trial Lawyers Association.

Considered and decided by WILLIS, P.J., and LANSING and KALITOWSKI, JJ.

## OPINION

WILLIS, Judge.

Richard Pike, as trustee for the heirs and next of kin of Lowell Pike, appeals from a grant of summary judgment in favor of respondent RLI Insurance Company. Appellant argues that liability coverage for Lowell Pike's death existed under the aircraft liability insurance policy issued by respondent because the policy's exclusion of coverage for bodily injury to or death of passengers who are also named insureds violates Minnesota

Statutes sections 60A.081 and 360.92 and Minnesota public policy. We affirm.

## FACTS

John Pluto and Lowell Pike owned a Piper PA24–250 airplane through Aire Austin, Inc. (Aire Austin), a corporation of which they were the sole shareholders. Aire Austin bought a liability insurance policy for the airplane from respondent RLI Insurance Company. The named insureds on the policy were John Pluto, Lowell Pike, and Aire Austin.

On September 29, 1993, the Piper PA24–250 plane crashed in Akron, Ohio, with John Pluto, Lowell Pike, and Robert E. McLaren, Jr., on board. All three died in the crash. Federal Aviation Administration (FAA) investigators believe that John Pluto was piloting the plane at the time of the crash, while Lowell Pike and Robert E. McLaren, Jr., were passengers. For the purpose of this litigation, the parties stipulate that Lowell Pike was not the pilot. The estate of Robert E. McLaren, Jr., sought and received benefits for his death under the liability policy at issue.

Appellant asserted a wrongful death action against Aire Austin and the estate of John Pluto. Aire Austin and the estate of John Pluto seek coverage for Lowell Pike's death under the liability policy issued by respondent. Respondent's liability insurance policy provides, in relevant part, that the coverage

protects you or any permissive user for your or their legal responsibility for both bodily injury and property damage. It will also include protection for your or their legal responsibility for bodily injury to passengers in the insured aircraft if you have chosen to buy that additional coverage.

The additional coverage for bodily injury to passengers was chosen here. Appellant sought coverage for Lowell Pike's death as a "passenger," which the insurance policy defines as "any person in the aircraft, including crew, while they are in, on, or getting into or out of the aircraft."

Respondent denied coverage for Lowell Pike's death because he was a named insured and the policy is not designed to provide first-person coverage to named insureds. Respondent relied on exclusions in sections 1 and 5 of the policy. Section 1 captioned "Liability Protection: What Is Not Insured In This Section," states "[T]he policy does not insure for any bodily injury to you." "You" is defined by section 5:

You, Your and Yours mean the person or organizations who are named in Item 1 on your Insurance Coverage Schedule. These words also include the spouse of any person named in Item 1 if that spouse resides in the same household as the person. If you are a flying club and Item 6 of your Insurance Coverage Schedule so indicates, all of the members in good standing of the flying club and their spouses are included in the definition of you, your and yours.

This action followed to determine the coverage issue. On cross-motions for summary judgment, the district court determined that respondent does not have a duty under the policy to defend or indemnify Aire Austin and the estate of John Pluto against appellant's claims. This appeal followed.

## ISSUES

1. Did the district court err in concluding that an aircraft liability insurance policy that excludes coverage for bodily injury to or the death of passengers who are also named insureds does not violate Minnesota Statutes sections 60A.081 and 360.92?

2. Did the district court err in concluding that an aircraft liability policy that excludes coverage for bodily injury to or the death of passengers who are also named insureds is not contrary to Minnesota public policy?

## ANALYSIS

The interpretation and construction of an insurance policy are issues of law, which this court reviews de novo. *Dakhue Landfill, Inc. v. Employers Ins. of Wausau*, 508 N.W.2d 798, 802 (Minn.App.1993). Summary judgment is appropriate if the record shows "that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn. R.Civ.P. 56.03. The facts here were stipulated to by the parties. Thus, this court

must determine whether the district court erred in applying the law. *See State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn. 1990).

■ Appellant argues the district court erred in its determination that the liability policy issued by respondent excluded from coverage the death of Lowell Pike, a passenger in the aircraft. Appellant claims such an exclusion is void because it violates Minnesota Statutes sections 60A.081 and 360.92 (1994) and Minnesota public policy. We disagree.

1. *Violation of Minn.Stat. §§ 60A.081, 360.92.*

■ It is a well-settled principle of insurance law that parties are free to contract, "so long as coverage required by law is not omitted and policy provisions do not contravene applicable statutes." *American Family Mut. Ins. Co. v. Ryan*, 330 N.W.2d 113, 115 (Minn.1983). Any insurance policy provision that is contrary to statutory requirements is ineffective. *Shank v. Fidelity Mut. Life Ins. Co.*, 221 Minn. 124, 128, 21 N.W.2d 235, 237 (1945).

> "It is axiomatic that the parties to an insurance contract * * * cannot make a contract which is prohibited by law or contrary to public policy; and where there is a conflict between the law or statutory provisions on the one hand and the provisions of an insurance policy on the other, the former must prevail."

*Id.* at 130, 21 N.W.2d at 238 (quoting 29 Am.Jur. *Insurance* § 190).

By enacting sections 60A.081 and 360.92, the Minnesota legislature mandated that all liability policies covering Minnesota aircraft provide coverage for bodily injury to or the death of passengers and nonpassengers. Section 60A.081 provides, in relevant part:

> [N]o policy of insurance issued or delivered in this state covering an aircraft equipped with passenger seats and *covering liability hazards* shall be issued excluding coverage for injury to or death of passengers or nonpassengers * * *.

Minn.Stat. § 60A.081, subd. 2 (emphasis added). Moreover,

> [i]t is a misdemeanor for an owner to operate or permit to be operated an aircraft registered or based within the state of Minnesota without *liability insurance* protecting passengers and third persons for both personal injury and property damage resulting from the operation of the aircraft * * *.

Minn.Stat. § 360.92 (emphasis added).

Liability insurance exists to protect named insureds from third-party claims. It is defined as "[t]hat type of insurance protection which indemnifies one from liability to third persons as contrasted with insurance coverage for losses sustained by the insured." Black's Law Dictionary 915 (6th ed. 1990); *see also* Robert E. Keeton and Alan I. Widiss, *Insurance Law: A Guide To Fundamental Principles, Legal Doctrines and Commercial Practices* 376 (1988) (stating that liability insurance was initially developed to provide insured with indemnification for damages for which insured was responsible as result of tort liability to third person).

Respondent's policy is liability insurance, providing protection to named insureds against claims by third parties—passengers and nonpassengers—harmed as a result of the operation of the aircraft. Lowell Pike was not a third party; he was a named insured on the liability policy issued by respondent.

By their plain language sections 60A.081 and 360.92 relate to liability insurance requirements. In the absence of clear language to the contrary, we conclude that the statutes do not require that third-party liability coverage be converted to first-party coverage where a named insured is a passenger in an airplane. The statutes require coverage for injury to or the death of passengers and nonpassengers. But they do not mandate coverage for "all" passengers or define "passengers" to include named insureds. We will not read those terms into sections 60A.081 and 360.92, because this court cannot supply that which the legislature has omitted or overlooked. *See Northland Country Club v. Commissioner of Taxation*, 308 Minn. 265, 271, 241 N.W.2d 806, 809 (1976).

Section 60A.081 describes four specific exclusions or conditions, relating to pilot certification and experience, and certification and limitations on the use of aircraft, that are not prohibited in aircraft liability insurance policies. *See* Minn.Stat. § 60A.081, subd. 1. Appellant argues that because exclusion of named insureds is not identified in the statute as a permissible exclusion, the Minnesota legislature did not intend to permit such an exclusion. We disagree. The four areas identified in subdivision 1 cannot be read as an exclusive list of permitted exclusions because the list omits obviously acceptable exclusions, such as an exclusion for intentional acts.

There also is statutory evidence that the Minnesota legislature did not intend to mandate that third-party liability insurance provide coverage to first-party, named insureds. Minn.Stat. § 360.59, subd. 10 (1994), for example, provides that

> nothing in this subdivision shall be construed to require an owner of aircraft to maintain passenger seat liability coverage on aircraft for which an experimental certificate has been issued by the Administrator of the Federal Aviation Administration * * * whereunder persons operating the aircraft are prohibited from carrying passengers in the aircraft.

Section 360.59, subdivision 10, evidences an absence of legislative concern that aircraft owners provide insurance coverage to themselves for their own injuries.

Respondent's policy exclusion of named insureds does not violate sections 60A.081 and 360.92.

### 2. *Violation of Public Policy.*

"When the legislature has spoken on the form [that] a policy of insurance must take, such enactments declare the public policy of the state." *Shank*, 221 Minn. at 130, 21 N.W.2d at 238. "[W]hen a statute is founded [on] public policy, those to whom it applies should not be permitted to waive its provisions." *Id.* at 131, 21 N.W.2d at 238.

The Minnesota legislature, through sections 60A.081 and 360.92, requires an aircraft owner to provide liability insurance coverage for injury to or the death of passengers in the aircraft. However, we conclude that the statutes do not require that liability coverage be provided for named insureds on the liability policy, even if they are passengers. Thus, the liability policy issued by respondent, which excludes named insureds from coverage, does not violate sections 60A.081 and 360.92 and thus does not violate Minnesota public policy.

### DECISION

The district court properly concluded that the liability policy issued by respondent excluded from coverage the death of Lowell Pike. The policy's exclusion for the death of passengers who are also named insureds does not violate Minnesota Statutes sections 60A.081 and 360.92 or public policy.

**Affirmed.**