**CUNA MUTUAL INSURANCE SOCIETY, Relator,**

v.

**COMMISSIONER OF REVENUE, Respondent.**

No. C4–01–1859.

Supreme Court of Minnesota.

July 18, 2002.

John W. Windhorst, # 117924, Dorsey & Whitney LLP, Minneapolis, MN, Relator's Attorney.

Mike Hatch, Minnesota Attorney General, Craig R. Anderson, # 1764, Assistant Attorney General, St. Paul, MN, Respondent's Attorney.

Heard, considered, and decided by the court en banc.

## OPINION

ANDERSON, RUSSELL A., Justice.

In this case, we are asked whether an insurance company that sells life insurance and also disability insurance and health and accident insurance, qualifies as a "mutual property and casualty company" within the meaning of Minn.Stat. § 60A.15, subd. 1(e) (Supp.1995), which sets forth one tax rate, 2 percent, on life insurance premiums and another rate, 1.26 percent, on all other premiums for mutual property and casualty companies with certain total asset volumes. The Minnesota Tax Court held that in order to qualify as a mutual property and casualty company for purposes of section 60A.15, subdivision 1(e), a company must sell both property and casualty insurance. *CUNA Mut. Ins. Soc'y v. Comm'r of Revenue*, Nos. 7219, 7220, 7277, 2001 WL 1009290, at *4 (Minn. T.C. Aug. 31, 2001). We reverse.

Relator CUNA Mutual Insurance Society (CUNA) is a mutual insurance corporation organized and existing under the laws of Wisconsin with its principal place of business in Madison, Wisconsin. CUNA sells life insurance and also disability insurance and health and accident insurance, both within and outside of Minnesota, and is subject to the insurance premium tax imposed on insurance companies in Minnesota by statute, Minn.Stat. § 60A.15, subd. 1 (1998 & Supp.1995).[1]

---

1. The legislature repealed Minn.Stat. § 60A.15 in 2000. Act of Apr. 14, 2000, ch.

Minnesota Statutes § 60A.15, subd. 1(a) (1998 & Supp.1995) imposes a 2 percent tax on annual Minnesota premium receipts of any insurance company, with certain exceptions.[2] The exception at issue in this appeal is subdivision 1(e)(3), which reduces this tax rate to 1.26 percent for non-life premiums paid to mutual property and casualty insurance companies with assets greater than $5 million but less than or equal to $1.6 billion. The statute reduces the rate to 1 percent for non-life premiums paid to mutual property and casualty companies with total assets of $5 million or less. Minn.Stat. § 60A.15, subd. 1(e)(2) (Supp.1995). There is no dispute that CUNA's asset volume is between $5 million and $1.6 billion and that the 1.26 percent rate is therefore the rate that applies to its non-life insurance premiums if CUNA is a mutual property and casualty company.

CUNA timely filed annual premium tax returns with the Minnesota Department of Revenue for the calendar years 1995 through 1999, paying insurance premium tax at the rate of 2 percent on all Minnesota premiums received. CUNA subsequently filed timely amended tax returns seeking partial refunds of insurance premium tax it paid at the rate of 2 percent on non-life premiums, arguing that it was entitled to the lower rate of 1.26 percent authorized by Minn.Stat. § 60A.15, subd. 1(e)(3) on non-life premiums received by

mutual property and casualty companies with CUNA's asset volume. Respondent Commissioner of Revenue denied CUNA's refund claims. The commissioner concluded that CUNA is a life insurance company, not a mutual property and casualty company eligible under Minn.Stat. § 60A.15, subd. 1(e) for an insurance premium tax rate of 1.26 percent on non-life premiums.

CUNA appealed to the tax court and, on cross-motions for summary judgment on stipulated facts, the tax court concluded that CUNA is not entitled to the 1.26 percent rate on its non-life premiums because CUNA is not a "mutual property and casualty company." *CUNA Mut. Ins. Soc'y,* 2001 WL 1009290, at *1, *4–*5. According to the tax court, the plain meaning of the term "mutual property and casualty company" indicates a company that sells property insurance, and CUNA does not sell property insurance. *Id.* at *4. CUNA also challenged the constitutionality of Minn.Stat. § 60A.15, subd. 1 if interpreted to preclude application of the 1.26 percent rate on its non-life premiums, arguing that the statute as interpreted violates the Equal Protection Clause of the U.S. Constitution and the Uniformity Clause of the Minnesota Constitution, but the tax court rejected CUNA's constitutional argument as well.[3] *CUNA Mut. Ins. Soc'y,* 2001 WL 1009290, at *1, *6.

■ We first address the rationale relied on by the tax court to conclude that

394, art. 2, § 28, 2000 Minn. Laws 506, 542. However, the legislature recodified an amended version of Minn.Stat. § 60A.15, subd. 1, the relevant provision in this appeal, effective January 1, 2001. Act of Apr. 14, 2000, ch. 394, art. 1, § 2, 2000 Minn. Laws 506, 508–09 (amendment); Act of May 15, 2000, ch. 490, art. 13, § 20, 2000 Minn. Laws 2014, 2186 (recodified as amended at Minn. Stat. § 297I.05 (2000 & Supp.2001)) (recodification).

**2.** Minnesota Statutes § 60A.15, subd. 1(a) was amended in 1997 in minor ways that do not affect our analysis in this appeal. *See* Act of June 2, 1997, ch. 225, art. 3, § 2, 1997 Minn. Laws 2267, 2315–16.

**3.** In accordance with *Erie Mining Company v. Commissioner of Revenue,* 343 N.W.2d 261, 264 (Minn.1984), the tax court transferred the constitutional issues to the Ramsey County District Court, and the district court transferred the issues back to the tax court for decision.

CUNA does not qualify for the lower tax rate on its non-life premiums. The tax court held that CUNA does not qualify for the reduced tax rate on its non-life premiums because it is not a mutual property and casualty company,[4] reasoning that an insurance company cannot be a mutual property and casualty company unless it sells both property and casualty insurance.[5] *CUNA Mut. Ins. Soc'y*, 2001 WL 1009290, at *4. The tax court cited no authority for that proposition, however, relying solely on the inclusion of "property" in the label "mutual *property* and casualty company." *See id.* Moreover, requiring an insurance company to sell both property and casualty insurance to qualify for the split-rate tax structure of Minn.Stat. § 60A.15, subd. 1(e) as a mutual property

and casualty company would be legally impossible to fulfill and would render the split-rate tax structure a nullity, as the following analysis shows.

■ In this case, the parties agree that in addition to life insurance, CUNA sells disability insurance and health and accident insurance, which is casualty insurance,[6] but that it does not sell property insurance. The statute does not provide a definition of the term "mutual property and casualty company" that is helpful here, so we must determine whether CUNA qualifies as a mutual property and casualty company.[7] We therefore begin by reviewing Minn.Stat. § 60A.15, subd. 1(e)[8] to determine whether CUNA is a mutual property and casualty company even though it does not sell property insurance.

**4.** To be eligible for the split rate provided by Minn.Stat. § 60A.15, subd. 1(e), an insurance company must be either a town and farmers' mutual insurance company or a mutual property and casualty company. CUNA is not a town and farmers' mutual insurance company. For subdivision 1(e) to apply, CUNA must qualify as a mutual property and casualty company.

**5.** That does not appear to be the position of the commissioner, nor is there any clear authority that has been cited that shows a mutual property and casualty company must sell both property and casualty insurance.

**6.** " 'Casualty' insurance has a well-defined meaning, as insurance against loss, through accidents or casualties resulting in bodily injury or death." *State ex rel. Clapp v. Fed. Inv. Co.*, 48 Minn. 110, 111, 50 N.W. 1028, 1028 (1892); *see also* 1 Lee R. Russ, *Couch on Insurance* § 1:28 (3d ed. 1995) ("As a general rule 'casualty insurance' covers accidental injury both to persons and to property * * *.").

**7.** There is a statutory definition set forth in Minn.Stat. § 60A.02, subd. 4a (2000), but the definition sheds little light on the issue before the court. The statute provides:

"Mutual property and casualty insurance company" includes a property and casualty

insurance company that was converted to a stock company after December 31, 1987, and before January 1, 1994, if the company was controlled on the date of conversion by a mutual life insurance company and so long as the company continues to be controlled by a mutual life insurance company. Minn.Stat. § 60A.02, subd. 4a.

**8.** Minnesota Statutes § 60A.15, subd. 1(e) provides:

For purposes of computing installments for town and farmers' mutual insurance companies and for mutual property casualty companies with total assets on December 31, 1989, of $1,600,000,000 or less, the following rates apply:
(1) for all life insurance, two percent;
(2) for town and farmers' mutual insurance companies and for mutual property and casualty companies with total assets of $5,000,000 or less, on all other coverages, one percent; and
(3) for mutual property and casualty companies with total assets on December 31, 1989, of $1,600,000,000 or less, on all other coverages, 1.26 percent.
Subdivision 1(e) remained unchanged throughout the taxable periods at issue in this appeal. The subdivision was repealed along with the rest of section 60A.15 in 2000, but was recodified at Minn.Stat. § 297I.05.

Our review and construction of a statute is de novo. *Brookfield Trade Ctr., Inc. v. County of Ramsey*, 584 N.W.2d 390, 393 (Minn.1998).

CUNA argues that because it sells both life insurance and casualty insurance it qualifies for the split-rate tax structure of Minn.Stat. § 60A.15, subd. 1(e). CUNA argues that it sells every kind of insurance that an insurance company selling life insurance may sell under Minn.Stat. §§ 60A.06–.07 (2000 & Supp.2001), so it must be able to qualify as a mutual property and casualty company or no insurance company will ever qualify, and Minn.Stat. § 60A.15, subd. 1(e) is a nullity. We agree.

By statute, a company that sells life insurance in Minnesota may sell disability insurance and health and accident insurance as additional lines of insurance, but a life insurance company in Minnesota may not sell any other types of insurance, including property insurance. *See* Minn. Stat. §§ 60A.06–.07.[9] Yet, in defining the tax rates for mutual property and casualty companies, Minn.Stat. § 60A.15, subd. 1(e) provides one rate "for all life insurance" and another rate on "all other coverages." Because under Minnesota law a company that sells life insurance may only also sell disability insurance and health and acci-

dent insurance, these are the only other lines of insurance that could possibly qualify as "all other coverages" under Minn. Stat. § 60A.15, subd. 1(e)(2)-(3). In other words, a company like CUNA that sells life insurance on the one hand and disability insurance and health and accident insurance on the other must be able to qualify for the split rate or no company will qualify and Minn.Stat. § 60A.15, subd. 1(e) is a nullity. We are required to construe a law to give effect to all its provisions whenever possible. Minn.Stat. § 645.16 (2000). Moreover, we presume that the legislature intends an entire statute to be effective and certain. Minn.Stat. § 645.17(2) (2000). We must also presume that the legislature does not intend a result that is impossible of execution. Minn.Stat. § 645.17(1) (2000). Consistent with our rules of statutory construction, we conclude that an insurance company with CUNA's asset volume that sells both life insurance and also disability insurance and health and accident insurance need not also sell property insurance in order to qualify as a mutual property and casualty company entitled under the split-rate tax structure of Minn. Stat. § 60A.15, subd. 1(e) to a tax rate of 2 percent on its life insurance premiums and 1.26 percent on its non-life premiums.[10]

**9.** Minnesota law provides that "[c]orporations may be formed for carrying on any one branch of the business of insurance authorized by law, or any two or more branches thereof, which are permitted by law to be transacted by one company." Minn.Stat. § 60A.07, subd. 2 (2000). Minnesota Statutes § 60A.07, subd. 5c (2000) provides that any insurance company authorized to transact the kinds of business specified in Minn.Stat. § 60A.06, subd. 1(4) (2000) (life insurance and disability insurance) may also transact the kinds of business specified in Minn.Stat. § 60A.06, subd. 1(5)(a) (2000) (health and accident insurance) but does not authorize any other lines, and notably does not authorize property insurance.

**10.** Our conclusion that the term "mutual property and casualty company" does not require a company to sell property insurance is supported by CUNA's federal income tax treatment. CUNA, although it does not sell property insurance, nevertheless uses a "U.S. Property and Casualty Insurance Company Income Tax Return" for federal income tax purposes. While CUNA's federal income tax treatment is not dispositive of the issue before us, it does support the proposition that an insurer need not sell property insurance to qualify as a mutual property and casualty company.

■ The commissioner does not argue that the tax court was correct in concluding that to qualify as a mutual property and casualty company an insurance company must sell both property and casualty insurance. Rather, the commissioner contends that Minn.Stat. § 60A.15, subd. 1(e) does not create a split-rate tax structure—that is, a company pays either the higher or the lower rate, but not both. The commissioner's rationale for reaching this conclusion is less than clear. Without reference to any authority other than the practice of the departments of revenue and commerce, the commissioner appears to be arguing that (1) a mutual property and casualty company cannot sell life insurance, making those categories of insurance companies mutually exclusive, or (2) the statute simply determines which single rate must be paid by each insurance company on all of its premiums. With respect to the latter, the commissioner seems to argue that Minn.Stat. § 60A.15, subd. 1(e) provides a lower tax rate on all premiums received by a mutual property and casualty company meeting the asset volume requirements if it sells only property and casualty insurance. But if the

company also sells life insurance, as CUNA does, it will pay the higher tax rate of 2 percent on *all* of its insurance premiums. Under this interpretation, there would be no split rates; the statute would not entitle any insurance company to pay two different tax rates on its premiums.

The commissioner contends his single-rate interpretation is supported by legislative history indicating that the 1995 amendment of Minn.Stat. § 60A.15, subd. 1,[11] adopting the language applicable in this case, was intended to increase insurance premium taxes.[12] Thus, the commissioner concludes, construing the statute to create a split-rate structure, which reduces the tax liability of a company like CUNA, is inconsistent with the purpose of the amendment and legislative intent.

We are not persuaded by the commissioner's arguments.[13] Both of the approaches that might support the commissioner's conclusion are contradicted by applicable statutes.

The first rationale, that mutual property and casualty companies and life insurance companies are mutually exclusive catego-

**11.** Prior to the 1995 amendment, a mutual property and casualty company was required to pay a rate of 2 percent on all premiums if the company sold life insurance and a rate of 0.5 percent on all premiums if it did not. Minn.Stat. § 60A.15, subd. 1 (1994). The 1995 amendment established the statutory scheme relevant to the taxable periods in this appeal. *See* Act of June 1, 1995, ch. 264, art. 9, § 3, 1995 Minn. Laws 2872, 3017–18.

**12.** The commissioner argues that the legislative history of the 1995 amendment supports the position that the amendment was intended to be a tax increase. The commissioner offers a May 8, 1995, memorandum prepared by a lobbyist and sent to two members of the Minnesota Legislature that proposes a compromise solution to the differences between the House and Senate versions of the bill, and an excerpt from a May 22, 1995, summary of

the Omnibus Tax Bill Conference Committee Report prepared by staff of the senate tax committee, which reports that the tax bill "[i]ncreases the insurance gross premiums tax rates of certain mutual insurance companies." The available legislative history suggests only that one purpose of the proposed amendment in 1995 was to increase taxes and does not address whether the statute provides a split-rate tax structure nor whether a mutual property and casualty company may sell life insurance.

**13.** The tax court rejected the commissioner's position as well. *See CUNA Mut. Ins. Soc'y,* 2001 WL 1009290, at *3 ("We find [Minn. Stat. § 60A.15, subd. 1(e)] to unambiguously grant mutual property and casualty companies a 2% tax rate on life insurance premiums and * * * a 1.26% tax on all other coverages.")

ries of insurance companies, is belied by the statutes discussed above that expressly authorize a life insurance company to sell limited additional coverages, including casualty insurance. *See* Minn.Stat. §§ 60A.06–.07; *see also* Minn.Stat. § 60A.02, subd. 4a.[14] In addition, the legislature has indicated its clear acknowledgment that a mutual property and casualty company may sell life insurance in Minn. Stat. § 290.05, subd. 1(d) (2000),[15] by conferring an income tax exemption on mutual property and casualty companies "other than those * * * writing life insurance."

To the extent that the commissioner is arguing simply that Minn.Stat. § 60A.15, subd. 1(e) does not provide a split rate for a mutual property and casualty company that also sells life insurance, his position is contrary to the structure and language of section 60A.15. Structurally, subdivision 1(a) of section 60A.15 establishes a 2 percent premium tax rate except as provided in paragraphs (d) and (e) of subdivision 1. Subdivision 1(e), which establishes tax rates on premiums received by mutual property and casualty companies with certain asset volumes, therefore creates an exception to the general rule of a 2 percent tax rate. Subparagraph (1) of subdivision 1(e) establishes a 2 percent tax rate on life insurance premiums, and subparagraphs (2) and (3) establish lower rates "on all *other* coverages." Minn.Stat. § 60A.15, subd. 1(e)(2)-(3) (emphasis added). The plain language of these provisions makes it clear that the legislature created a split-rate tax structure for the designated categories of insurance companies. To con-

clude otherwise would render subdivision 1(e)(1), which imposes a 2 percent rate for life insurance premiums, redundant because subdivision 1(a) of section 60A.15 already mandates a tax rate of 2 percent unless an exception applies. Furthermore, in creating an exception to the generally applicable premium tax rate of 2 percent established in subdivision 1(a), the legislature expressly provided different tax rates within subdivision 1(e): the standard 2 percent for "all life insurance" and lower rates for "all other coverages." Minn.Stat. § 60A.15, subd. 1(e)(1)-(3).

■ The most direct and logical meaning of these provisions is that the legislature intended for the exception it was creating not to apply to life insurance premiums collected by mutual property and casualty companies, but only to the "other" coverages of those companies— thus creating a split-rate structure. Had the legislature intended, as the commissioner argues, to create an exception only for mutual property and casualty insurers who do not sell life insurance, it could easily have said so, far more clearly and directly. We further note that the 2000 recodification of Minn.Stat. § 60A.15, subd. 1(e) makes it very clear that the legislature intends one tax rate for premiums paid to a mutual property and casualty company for life insurance and a different rate for premiums on other lines. The amended language provides that a mutual property and casualty company shall pay a tax rate of:

14. The definition of mutual property and casualty insurance company set forth in Minn. Stat. § 60A.02, subd. 4a indicates that a life insurance company may control a mutual property and casualty company, *supra* note 7, which indicates that a mutual property and casualty company and a life insurance company are not mutually exclusive.

15. Minnesota Statutes § 290.05, subd. 1 was amended in 2001 to delete this statutory language, in favor of legislation exempting all insurance companies from income tax. Act of June 30, 2001, ch. 5, art. 9, § 9, 2001 Minn. Laws 1st Spec. Sess. 1411, 1634–35.

(1) two percent of gross premiums less return premiums on all direct business * * * for life insurance * * *; *and*

(2) 1.26 percent of gross premiums less return premiums on all other direct business * * *.

Minn.Stat. § 297I.05, subd. 4 (emphasis added).[16]

Minnesota Statutes § 60A.15, subd. 1(e) therefore plainly and unambiguously sets forth a split-rate tax structure that establishes a 2 percent tax rate on life insurance premiums and a lower rate on premiums for all other coverages for mutual property and casualty companies with certain asset volumes. We conclude that an insurance company with an asset volume between $5 million and $1.6 billion that sells life insurance and also disability insurance and health and accident insurance, is entitled as a mutual property and casualty company under the split-rate tax structure of Minn.Stat. § 60A.15, subd. 1(e) to a tax rate of 2 percent on its life insurance premiums and 1.26 percent on its non-life premiums.[17]

Reversed.

**16.** Subdivision 4 of the recodified version of the statute provides in full:

A tax is imposed on mutual property and casualty companies that had total assets greater than $5,000,000 at the end of the calendar year but that had total assets less than $1,600,000,000 on December 31, 1989. The rate of tax is equal to:

(1) two percent of gross premiums less return premiums on all direct business received by the insurer or agents of the insurer in Minnesota for life insurance, in cash or otherwise, during the year; and

(2) 1.26 percent of gross premiums less return premiums on all other direct business received by the insurer or agents of the insurer in Minnesota, in cash or otherwise, during the year.

Minn.Stat. § 297I.05, subd. 4. An amendment to a statute is normally presumed to change the law unless it appears that the legislature only intended to clarify the law. *County of Washington v. Am. Fed'n of State, County & Mun. Employees, Council No. 91*, 262 N.W.2d 163, 168, 168 n. 5 (Minn.1978). Here, the amendment has been identified as a recodification and appears to be a clarification of the legislature's intent. *See* Act of Apr. 14, 2000, ch. 394, art. 1, §§ 1–2, 2000 Minn. Laws 506, 506–14.

**17.** Because we decide that the statute entitles CUNA to a split tax rate on its insurance premiums, we need not reach the constitutional issue.