U.S. SPECIALTY INSURANCE
COMPANY, Appellant,

v.

JAMES COURTNEY LAW OFFICE,
P.A., et al., Respondents.

Dale Swapinski as Trustee for the heirs and next of Kin of Jill N. Townsend–Swapinski, Decedent, Respondent.

No. C2–01–1813.

Supreme Court of Minnesota.

June 19, 2003.

Michael C. Lindberg, Johnson & Lindberg., P.A., Minneapolis, MN, for Appellant.

Charles T. Hvass, Jr., Hvass, Weisman & King, Philip Gainsley, Minneapolis, MN, for Respondents.

Eric Magnuson, Kimberly T. Ross, Rider, Bennett, Egan & Arundel, L.L.P., Minneapolis, MN, Amici Curiae, AIG Aviation Corp., Phoenix Aviation, USAIG, W. Brown & Assoc., XL Specialty Ins. Co.

## OPINION

BLATZ, Chief Justice.

Appellant U.S. Specialty Insurance Company brought a declaratory judgment action to determine whether exclusions in a standard aviation liability insurance policy issued to respondents James Courtney and James Courtney III Law Office, P.A. violated state law. The district court found that the policy exclusions, which excluded coverage for claims made by employees for work-related injuries, were violative of Minn.Stat. § 60A.081, subd. 2 (2002). Minnesota Statutes section 60A.081, subd. 2 states that:

> [N]o policy of insurance issued or delivered in this state covering an aircraft

equipped with passenger seats and covering liability hazards shall be issued excluding coverage for injury to or death of passengers or nonpassengers * * *.

Upon appeal, a divided panel of the court of appeals affirmed the district court's decision. We granted further review, and we now affirm the court of appeals.

James Courtney, a Duluth, Minnesota lawyer and sole shareholder of James Courtney III Law Office, P.A., was counsel of record for a federal administrative hearing to be held in Green Bay, Wisconsin. Having decided to fly to the Green Bay hearing, Courtney and an employee from his law office, Jill N. Townsend–Swapinski, departed Bong Airport in Superior, Wisconsin, on August 4, 1998 at 8:00 a.m. They flew in a Cessna aircraft owned by the law office and piloted by Courtney.

While en route to Green Bay, both Courtney and Townsend–Swapinski were fatally injured when the aircraft crashed. The surviving dependents of both Courtney and Townsend–Swapinski were eligible for, and received, workers' compensation benefits.

Townsend–Swapinski's husband, Dale Swapinski (Swapinski), as trustee for the heirs and next of kin of Townsend–Swapinski, began a wrongful death action against Courtney's estate, alleging both negligence and gross negligence. Aircraft liability insurance coverage was provided by U.S. Specialty under a policy that listed both the law office and Courtney as named insureds. Courtney's estate tendered defense to U.S. Specialty and requested indemnification. Relying on two exclusions set forth in the policy, U.S. Specialty denied coverage and began a declaratory action.

At the district court, U.S. Specialty alleged that the following policy provisions, in relevant part, operated to exclude coverage for employees for injuries that occurred in the course and scope of employment:

3. Who is Not Protected

**Your bodily injury** and **property damage** coverage does not protect:

a. *Employees*

Any employee for injuries to any person who is in the course and scope of employment by the same employer[.]

* * *

4. What is Not Covered

**We** do not cover any

* * *

b. *Employees*

**Bodily injury** to any person in the course and scope of employment either by **you** or by **anyone we** protect for any claim against **you,** against **anyone we** protect or against a fellow employee[.]

Rejecting U.S. Specialty's argument, the district court granted summary judgment for Courtney's estate, concluding that the policy exclusions were prohibited by the express language of Minn.Stat. § 60A.081, subd. 2, which mandates aircraft liability coverage. On appeal, U.S. Specialty again relied on the express language of the policy as the basis for denying coverage but also argued that the Workers' Compensation Act, Minn.Stat. § 176.031 (2002), was the exclusive remedy for work-related injuries.

The court of appeals agreed with the district court, concluding that the mandated coverage required by Minnesota's statutory scheme clearly prohibited any exclusions for passengers or nonpassengers,

regardless of employment status. *U.S. Specialty Ins. Co. v. James Courtney Law Office, P.A.*, No. C2–01–1813, 2002 WL 1056998 at *1 (Minn.App. May 28, 2002). In so holding, the court of appeals rejected U.S. Specialty's claim that the exclusiveness of the remedy of the Workers' Compensation Act permitted employee exclusions in aviation policies for work-related injuries. *Id.* at 2. The court of appeals also noted that the original lawsuit alleged coemployee gross negligence.[1] U.S. Specialty petitioned this court for review.

As a preliminary matter, it is important to note that the sole issue, aside from attorney's fees, litigated in the declaratory judgment action below was the validity of the two exclusions contained in the aircraft liability policy issued by U.S. Specialty.[2] One exclusion precluded coverage for claims against an employee for causing injury to a coemployee in the course and scope of employment and the other exclusion precluded coverage for injuries to the insured's employees sustained in the course and scope of employment. Before this court and the court of appeals, U.S. Specialty suggests that the underlying action is barred by the exclusive remedy provision of the Workers' Compensation Act, but that issue was neither litigated nor decided below. The dispositive matter before us, then, involves only whether the two exclusions relied on by U.S. Specialty to deny coverage can be considered valid

in light of Minn.Stat. § 60A.081, subd. 2. *See Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988). Nonetheless, we do choose to address the interplay between Minnesota's workers' compensation scheme and mandatory insurance coverage.

Our review and construction of statutes is de novo. *CUNA Mut. Ins. Soc'y v. Comm'r of Revenue,* 647 N.W.2d 533, 537 (Minn.2002) (citing *Brookfield Trade Ctr., Inc. v. County of Ramsey,* 584 N.W.2d 390, 393 (Minn.1998)). "[T]he court must give a plain reading to any statute it construes, and when the language of the statute is clear, the court must not engage in any further construction." *Gomon v. Northland Family Physicians, Ltd.,* 645 N.W.2d 413, 416 (Minn. 2002) (citing *State by Beaulieu v. RSJ, Inc.,* 552 N.W.2d 695, 701 (Minn.1996)); Minn.Stat. § 645.16 (2002).

U.S. Specialty's position in this case relies upon its assertion that the plain language of Minn.Stat. § 60A.081, subd. 2, which clearly mandates coverage for "injury to or death of passengers or nonpassengers," can be constructed in such a way as to allow the policy's employee exclusions. Such an interpretation could therefore dovetail with the exclusive remedy provision of the Workers' Compensation Act, set forth in Minn.Stat. § 176.031 (2002). That provision provides that the employer's liability to pay workers' compensation

---

1. The allegation of gross negligence, if proved, overcomes the exclusivity of workers' compensation: "A coemployee working for the same employer is not liable for a personal injury incurred by another employee unless the injury resulted from the gross negligence of the coemployee or was intentionally inflicted by the coemployee." Minn.Stat. § 176.061, subd. 5(c) (2002).

2. The parties to the underlying wrongful death action, Swapinski and the Courtney es-

tate, have entered into a *Miller–Shugart* settlement which provides for the satisfaction of any judgment from U.S. Specialty. In *Miller v. Shugart,* 316 N.W.2d 729, 734 (Minn.1982), we held that a defendant may settle a claim with a plaintiff for a stipulated sum and condition the agreement on the plaintiff seeking recovery solely from the defendant's insurer if coverage is established.

benefits "is exclusive and in the place of any other liability." Minn.Stat. § 176.031.

■ Although there have been slight changes in wording, the current version of the exclusive remedy provision in the Workers' Compensation Act was enacted in 1953. Act of April 24, 1953, ch. 755, § 3, 1953 Minn. Laws 1099, 1103–04. Further, the concept has been a part of workers' compensation law in Minnesota since its inception in 1913. Act of April 24, 1913, ch. 467, § 10, 1913 Minn. Laws 675, 677–78, 704. The exclusive remedy provision is part of the quid pro quo of the workers' compensation scheme in which the employer assumes liability for work-related injuries without fault in exchange for being relieved of liability for certain kinds of actions and the prospect of large damage verdicts. *Karst v. F.C. Hayer Co., Inc.*, 447 N.W.2d 180, 183–4 (Minn.1989) (citing 2A A. Larson, *Workmen's Compensation Law*, § 65.11 (1988)).

U.S. Specialty also relies upon our holding in *Peterson v. Kludt*, 317 N.W.2d 43 (Minn.1982), in support of its proposition that exclusions are valid and that workers' compensation is therefore the exclusive remedy in the instant case. In *Peterson*, an automobile insurance case, we concluded that, because workers' compensation coverage was primary, the cross-employee exclusion in the liability policy did not violate the no-fault act. 317 N.W.2d at 48. However, the no-fault law expressly provides that workers' compensation benefits

shall be primary over no-fault benefits. Minn.Stat. § 65B.61 (2002). While U.S. Specialty attempts to analogize the mandate of universal no-fault automobile coverage to the mandate of universal aircraft liability coverage, the analogy to the no-fault law does not provide sufficient support for U.S. Specialty's position given the lack of an express coordination provision in the aviation insurance statute.

■ U.S. Specialty takes the position that allowing insurance coverage for employee claims, as is the case here, is inconsistent with the workers' compensation exclusive remedy provision and that the exclusions found here are therefore warranted. However, there are exceptions to the workers' compensation exclusive remedy provision, such as coemployee immunity. Minn.Stat. § 176.061, subd. 5 (2002) (stating that coemployees are not liable to each other for personal injury absent gross negligence or intentional conduct).[3] The coemployee gross negligence exception, Minn.Stat. § 176.031 (2002), allows one employee to sue another directly when gross negligence is alleged.

An employer might also become vulnerable to a tort suit by an employee in instances where the employer possesses "a second persona so completely independent from and unrelated to its status as employer that by established standards the law recognizes that persona as a separate legal person." 6 Arthur Larson and Lex K. Larson, *Larson's Workers' Compensation*

---

**3.** This provision helps to prevent injured employees from thwarting the purpose of the exclusive remedy provision. Prior to the implementation of the coemployee immunity provision, injured employees could circumvent the statutory scheme by suing a coemployee based on simple negligence. This would result in "shift[ing] tort liability from employer to fellow employee in a manner

never intended by the workers' compensation system." Jay Y. Benanav, *Workers' Compensation Amendments of the 1979 Minnesota Legislature*, 6 Wm. Mitchell L.Rev. 743, 764 (1980) (quoting Minnesota Workers' Compensation Study Commission, *A Report to the Minnesota Legislature and Governor*, Recommendation 40 at 41 (1979)).

*Law,* § 113.01(1) (2002). Further, a number of classes of employees are categorically excluded from the exclusive protection of workers' compensation, including employees of family farms and household workers who earn less than $1000 in a three-month period. *See* Minn.Stat. § 176.041 (2002). Finally, injuries are not compensable under the Workers' Compensation Act unless they arise out of and in the course and scope of employment. *Foley v. Honeywell,* 488 N.W.2d 268, 271 (Minn.1992); Minn.Stat. § 176.021, subd. 1 (2002). The mandatory coverage of the aviation insurance law, however, appears to be broader and encompasses claims that might not otherwise be compensable under the Workers' Compensation Act.

The amici, a number of aviation insurers, join the arguments set forth by U.S. Specialty and contend that a decision affirming the lower courts will cause problems for insurers and the insured. Included in their list of concerns is the prospect of insureds paying double premiums and injured employees being compensated twice for the same injury. Inasmuch as the statute expressly mandates passenger insurance for airplanes with passenger seats and workers' compensation insurance is mandatory, it is true that both kinds of insurance will be required. On the other hand, the alleged risk of "double recovery" is questionable given Minnesota's statutory formula for calculating workers' compensation third-party actions that prevents double recovery. Minn.Stat. § 176.061, subd. 5–6 (2002).

Finally, U.S. Specialty also asserts that the court of appeals holding in this case is inconsistent with the court of appeals' prior holding of *RLI Ins. Co. v. Pike,* 556 N.W.2d 1 (Minn.App.1996), *rev. denied* (Minn. Jan. 29, 1997). In *RLI,* two of the individuals who died in a plane crash were both named insureds on the aviation insurance policy which excluded coverage for named insureds. *RLI,* 556 N.W.2d at 2. The estate of one of the named insureds, Lowell Pike, sought coverage for Pike as a passenger. *Id.* The court of appeals rejected the estate's claim that Minn.Stat. § 60A.081, the same statute at issue in this case, prohibited application of the policy exclusion. *Id.* at 3–4. Instead, the court of appeals concluded that section 60A.081 and a corollary statute making the failure to maintain aviation liability insurance protecting passengers a misdemeanor, Minn. Stat. § 360.92 (2002), were aimed at providing coverage for claims made by third parties against the insured. *Id.* at 3. In *RLI,* the court of appeals noted that the claim was for the injury or death of an insured, and was therefore a claim for first-party coverage. *Id.* at 3–4. The court of appeals explained:

> By their plain language sections 60A.081 and 360.92 relate to liability insurance requirements. In the absence of clear language to the contrary, we conclude that the statutes do not require that third-party liability coverage be converted to first-party coverage where a named insured is a passenger in an airplane. The statutes require coverage for injury to or the death of passengers and nonpassengers. But they do not mandate coverage for "all" passengers or define "passengers" to include named insureds. We will not read those terms into sections 60A.081 and 360.92, because this court cannot supply that which the legislature has omitted or overlooked.

*Id.*

Before this court, U.S. Specialty argues that the court of appeals' rationale in *RLI*

applies here, and that section 60A.081 does not mandate coverage for "all" passengers and therefore the term "passengers" does not include employees of the insured. We disagree. *RLI* simply holds that the legislature did not intend to mandate that third-party liability insurance include coverage for first-party named insureds. Such a holding is consistent with our pronouncements on the key differences between liability (third-party) insurance and first-party coverage. *See Progressive Specialty Ins. Co. v. Widness ex rel. Widness,* 635 N.W.2d 516, 522 (Minn.2001) (stating that, under the no-fault act, liability coverage differs from first-party coverage and noting that nothing in our case law suggests that liability coverage must extend to the same persons and under the same circumstances as first-party liability coverage); *Lynch ex rel. Lynch v. Am. Family Mut. Ins. Co.,* 626 N.W.2d 182, 188 (Minn. 2001) (explaining that "third-party coverage protects an insured from having to pay damages when the *insured's* negligence causes injury to others, while first-party coverage protects an insured when someone else's negligence causes injury to the insured and the tortfeasor has insufficient liability coverage"); *Lobeck v. State Farm Mut. Auto. Ins. Co.,* 582 N.W.2d 246, 250 (Minn.1998) (holding that distinction between third-party and first-party benefits is crucial when determining the validity of a policy exclusion). As such, it is clear that the holding in *RLI* was limited to the principle that third-party liability insurers are not mandated, under the aviation insurance statute, to provide coverage to first-party named insureds. Therefore, *RLI's* holding is neither persuasive authority nor in conflict with our holding today.

In summary, we conclude that neither statutory nor case law supports U.S. Specialty's position. The legislature has seen fit to expressly mandate aviation liability coverage for passengers and nonpassengers. Given the plain language and clear mandate of Minn.Stat. § 60A.081, we affirm the court of appeals.

Affirmed.